IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ANGELA NAILS, | ) | Civil No.: 3:15-cv-1034-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION AND ORDER |
| v. | ) | |
| | ) | |
| STEVEN C. BURKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Angela Nails
15406 Bellaire Ave.
Apt. M
Grandview, MO 64030

    Plaintiff *Pro Se*

JELDERKS, Magistrate Judge:

    Plaintiff Angela Nails brings this action against Defendant Steven Burke. Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

    Plaintiff's application to proceed *in forma pauperis* is granted and her motion for appointment of counsel is denied. For the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process, for lack of subject matter jurisdiction and on the basis

FINDINGS AND RECOMMENDATION AND ORDER – 1

that it fails to state a claim upon which relief may be granted.  See FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

## Background

This Complaint is one of five that Plaintiff filed on the same day in this Court.  In this action Plaintiff alleges that she hired Defendant, an attorney, to represent her in court but Defendant did not appear as agreed and Plaintiff's case was dismissed. She further alleges that Defendant has failed to return the full amount of a $1,000 retainer fee Plaintiff paid. Plaintiff seeks the return of $450 in fees paid to Defendant, $55.00 in various costs and filing fees and $74,045.00 in additional damages.

## Discussion

Under 28 USC § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).  In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction...." However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.  The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

FINDINGS AND RECOMMENDATION AND ORDER – 2

Furthermore, Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." See also Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. See, e.g., Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974).

Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331,1332.

As a basis of jurisdiction, Plaintiff has checked the box on page 2 of the Complaint form indicating federal question jurisdiction. While Plaintiff may have grounds for asserting federal question jurisdiction, those grounds are not articulated in Plaintiff's Complaint. Furthermore, although Plaintiff alleges that the parties are citizens of different states, she seeks exactly $75,000 in damages. Thus the amount in controversy fails to meet the jurisdictional threshold. See 28 U.S.C.§ 1332 (amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs). As a result, this court lacks subject-matter jurisdiction in this case.

Additionally, regardless of how liberally Plaintiff's Complaint is construed, it fails to state a claim upon which relief can be granted. First, the Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). The short and plain statement of the claim must give the defendant fair notice of what the claim is. Twombly, 550 U.S. at 555. Plaintiff has failed to do that in her Complaint. Furthermore, to the extent Plaintiff may allege legal malpractice, this is a state-law claim for which "there exists no independent

FINDINGS AND RECOMMENDATION AND ORDER – 3

basis of federal jurisdiction." See Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985).

Accordingly, Plaintiff's complaint should be dismissed. Nonetheless, because Plaintiff may be able to cure the deficiencies of the complaint by amendment, the dismissal should be without prejudice and with leave to replead. If Plaintiff does file an amended complaint, she must allege sufficient facts to satisfy the federal pleading standard set out by the federal rules of civil procedure and the Iqbal and Twombly cases. Plaintiff must also either specifically identify the federal statute, treaty or Constitutional provision that Plaintiff alleges was violated by Defendant or allege facts sufficient to support diversity jurisdiction.

Plaintiff also moves for appointment of pro bono counsel. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). While this court has discretion to request volunteer counsel for indigent plaintiffs in "exceptional circumstances," the court has no power to make a mandatory appointment. 28 U.S.C. § 1915(e)(1) (formerly §1915(d)); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301–08 (1989).

In determining whether "exceptional circumstances" exist, a court considers the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In the present case, I do not find the requisite exceptional circumstances to support the appointment of counsel under § 1915(e)(1). Plaintiff's motion for appointment of pro bono counsel is, therefore, denied.

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (#1) is GRANTED. Plaintiff's motion for appointment of pro bono counsel (#4) is DENIED. This action should be DISMISSED without service of process, without prejudice and with leave to replead. Plaintiff should be given 30 days to file an amended complaint curing the defects described above if she wishes to proceed with this action. If Plaintiff fails to file such an amended complaint, the case should be dismissed with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 4, 2015 . If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 18th day of August, 2015.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION AND ORDER – 5