IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA NAILS, | ) Civil No.: 3:15-cv-1034-JE |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION |
| v. | ) |
| STEVEN C. BURKE, | ) |
| Defendant. | ) |

Angela Nails
15406 Bellaire Ave.
Apt. M
Grandview, MO 64030

    Plaintiff *Pro Se*

JELDERKS, Magistrate Judge:

    Plaintiff Angela Nails brings this action against Defendant Steven Burke. With the filing of her original complaint, Plaintiff also applied to proceed *in forma pauperis* and moved for the appointment of pro bono counsel.

    In a Findings and Recommendation and Order dated August 18, 2015, I granted Plaintiff's *in forma pauperis* application, denied her motion for appointment of counsel and recommended that Plaintiff's claim be dismissed without prejudice and without service of

FINDINGS AND RECOMMENDATION– 1

process for lack of subject matter jurisdiction and on the basis that it failed to state a claim upon which relief could be granted. Dkt. #9. That recommendation was adopted by the Honorable Marco Hernandez in an Order dated September 17, 2015. Dkt. #13.  Judge Hernandez granted Plaintiff 30 days in which to file an amended complaint curing the deficiencies described in the Findings and Recommendation.  Because Plaintiff did not have a current address on file she did not receive copies of Judge Hernandez's Order when it was originally issued. She was, therefore, granted an extension of time to file her amended complaint by Order dated November 5, 2015. Plaintiff then timely filed her amended complaint.

## Background

Plaintiff's original complaint was one of five that Plaintiff filed simultaneously in this Court.  Three of those actions were dismissed with prejudice before service of process.  In this case and in Nails v. Beach, Civ. No. 3:15-cv-1032-JE, Plaintiff was granted leave to amend.

Plaintiff's original complaint alleged that she hired Defendant, an attorney, to represent her in court but Defendant did not appear as agreed and Plaintiff's case was dismissed. She further alleged that Defendant failed to return the full amount of a $1,000 retainer fee Plaintiff paid. Plaintiff sought the return of $450 in fees paid to Defendant, $55.00 in various costs and filing fees and $74,045.00 in additional damages.

Plaintiff's original complaint failed to articulate a basis for federal question jurisdiction and her claim for exactly $75,000 in damages failed to meet the jurisdictional threshold for diversity jurisdiction. See 28 U.S.C.§ 1332 (amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs). Thus, I concluded that the court lacked subject matter jurisdiction.  I also concluded that Plaintiff had failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); see

FINDINGS AND RECOMMENDATION– 2

also <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); or to allege facts sufficient to state a viable federal claim.  Plaintiff was granted leave to amend in order to attempt to cure those deficiencies.  Plaintiff's amended complaint fails to meet the requirements of the court's Order.

      Plaintiff's amended complaint again seeks exactly $75,000 in damages and fails to allege any facts sufficient to support diversity jurisdiction.   The amended complaint also fails to specifically identify the federal statute, treaty or Constitutional provision that Plaintiff alleges was violated by Defendant so as to meet the requirements for federal question jurisdiction.  Moreover, Plaintiff's three paragraph amended complaint provides even less detail and is more indecipherable than her original. Despite the court's instructions, Plaintiff has again failed to allege sufficient facts to satisfy the federal pleading standard set out by the federal rules of civil procedure and the <u>Iqbal</u> and <u>Twombly</u> cases.

      The deficiencies in Plaintiff's original complaint were carefully set out and Plaintiff was granted leave to amend.  However, the Court's Order indicated that Plaintiff's failure to cure the deficiencies described would result in this case being dismissed with prejudice.  Plaintiff's amended complaint fails to comply with the Court's directive and should be dismissed with prejudice.

## **Conclusion**

This action should be DISMISSED without service of process.  A judgment should be entered dismissing this action with prejudice.

## **Scheduling Order**

This Findings and Recommendation will be referred to a district judge.  Objections,

FINDINGS AND RECOMMENDATION– 3

if any, are due February 16, 2016.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of January, 2016.

           /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge